UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROHAN ANTHONY JOHNSON,

          Petitioner,

  - against -

WARDEN, ROBERT N. DAVOREN COMPLEX,

          Respondent.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-890 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

On February 17, 2015, petitioner Rohan Anthony Johnson filed the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, seeking to challenge an ongoing criminal action in Queens County in which petitioner is the defendant, and seeking to be released from custody. (Doc. No. 1.) Respondent moved to dismiss the petition both as premature, and pursuant to *Younger v. Harris*, 401 U.S. 37, 54 (1971). (Doc. No. 15.) Petitioner's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915, (Doc. No. 5), is granted solely for purposes of this order. Because petitioner has neither been convicted nor sentenced, nor shown the absence of an available state corrective process or circumstances rendering any such process ineffective to protect his rights, respondent's motion is granted, and the petition is dismissed.

## DISCUSSION

In order to bring a petition for a writ of *habeas corpus*, a petitioner must first exhaust the remedies available in the state court or show that "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(B)(i)(ii). To meet the exhaustion requirement, federal claims must be presented to the highest state court before a federal court may consider the petition. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Daye v. Attorney General of N.Y.*, 696

F.2d 186, 190–92 (2d Cir. 1982). Here, petitioner was arrested on March 19, 2014, and is not in custody pursuant to a state court judgment.[1] Therefore, because there is no indication petitioner has been convicted of the offense with which he is charged or that he has exhausted his state court remedies, both of which are necessary to the filing of a petition under § 2254, the instant petition is premature.[2] *See* 28 U.S.C. § 2254; *Posr v. New York*, No. 13-CV-5143 (DLI) (LB), 2014 WL 3734513, at *2 (E.D.N.Y. July 25, 2014) (*habeas* petition must be dismissed because petitioner not in custody pursuant to a state court judgment); *Holmes v. Demarco*, No. 13-CV-0401 (SJF), 2013 WL 2154882, at *2 (E.D.N.Y. May 14, 2013) (*habeas* petition must be dismissed as premature as petitioner has neither been convicted nor has he exhausted his state court remedies); *Williams v. Horn*, No. 06-CV-3068 (BMC), 2006 WL 2333874, at *1 (E.D.N.Y. Aug. 9, 2006) ("[B]ecause the criminal proceedings are ongoing, there has been no judgment or

---

[1] *See eCourts:WebCrims*, New York State Unified Court System, https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (enter characters as prompted, then search by first name "Rohan" and last name "Johnson") (last visited March 18, 2016).

[2] Petitioner is further advised that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides a one year statute of limitations for seeking federal habeas corpus review, which runs from the date a conviction is made final as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

adjudication on the merits of petitioner's claims and therefore, this § 2254 petition is premature.").

Moreover, to the extent that petitioner seeks to have this Court intervene in his state court proceedings on federal grounds, he has not shown the "absence of available state corrective process; or circumstances . . . that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(B)(i)(ii). Under the doctrine set forth in *Younger* and its progeny, absent unusual circumstances, a federal court must abstain from intervening in ongoing state criminal proceedings when adequate state relief is available. 401 U.S. at 54; *Robinson v. Sposato*, No. 11-CV-191 (SJF), 2012 WL 1965631, at *3 (E.D.N.Y. May 29, 2012) (collecting cases); *see also Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) ("[I]nterference in pending [state court criminal] proceedings is inappropriate unless state law clearly bars the interposition of . . . federal constitutional claims." (quotations, alterations and citations omitted)); *York v. Ward*, 538 F. Supp. 315, 317 (E.D.N.Y. 1982) ("[F]ederal court interference with state court proceedings has long been discouraged by public policy that is reflected quite plainly in statute and judicial pronouncements." (citations omitted)). *Younger* abstention requires only that the petitioner have "the *opportunity* to present federal claims in the state proceeding." *Davis*, 851 F.2d at 76 (emphasis in original) (quoting *Juidice v. Vail*, 430 U.S. 327, 337 (1977)). *Younger* abstention is appropriate where, as here, "1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Town Court of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995). State court review of constitutional claims is considered adequate, "[s]o long as a plaintiff is not barred on procedural or technical grounds from raising" such claims in state court. *Id.* at 394. Petitioner has not demonstrated any such bar.

**CONCLUSION**

Accordingly, respondent's motion is granted and the petition for a writ of *habeas corpus* is dismissed. The Clerk of Court is directed to mail a copy of this Memorandum and Order and the accompanying judgment to petitioner, and close the file.

A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

    SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
       March 21, 2016    _____
                                               ROSLYNN R. MAUSKOPF
                                               United States District Judge